IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT T. GARRARD, and )<br>)<br>WILLIAM S. JASPER )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>PIRELLI TIRE LLC, a foreign limited )<br>liability company, et al., )<br>)<br>Defendants. ) | No. 3:11-cv-00824 - GPM - DGW |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed Plaintiffs' Second Amended Complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

The Plaintiffs filed this action and claim this Court has subject matter jurisdiction under 28 U.S.C. § 1332. The Plaintiffs properly allege their own citizenship and that of nearly all the

Defendants. However, the Plaintiffs have failed to properly allege the citizenship of the limited liability company, Pirelli Tire LLC.

It is well settled that limited liability companies are citizens of every state of which any member is a citizen. *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). In the present case the Plaintiffs allege that none of Pirelli Tire LLC's members are citizens of the states of Illinois or Missouri. However, this allegation still fails to properly identify the member(s) of Pirelli Tire LLC, and its/their citizenship. Simply pleading the negative, as the Plaintiffs have done, is insufficient and therefore the Court cannot determine whether diversity of citizenship jurisdiction exists.

Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an Amended Complaint **on or before December 19, 2011** establish the citizenship of Pirelli Tire LLC. If Plaintiff fails to file an Amended Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co.*, 350 F.3d at 692 ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**
DATED:     December 7, 2011

*G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge