IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT T. GARRARD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 11-cv-00824-GPM-DGW |
| | ) |
| PIRELLI TIRE LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**PROTECTIVE ORDER**

Pending before the Court is Defendant Pirelli Tire LLC's Agreed Motion for Protective Order (Doc. 95). In accordance with Federal Rule of Civil Procedure 26(c), the Court finds good cause to enter an order protecting the parties' nonpublic confidential and proprietary documents. Accordingly, the motion is **GRANTED**. The parties are reminded that should any disputes arise regarding the scope or application of this Protective Order, they are required to contact the Court before filing a motion.

**IT IS HEREBY ORDERED** that certain specified documents and other materials produced by any parties to this action, or by third parties in response to subpoena, voluntarily or by Order of the Court, have been and will be produced under the following conditions:

**I.**

A. The Court recognizes that discovery in this matter may call for the production of materials containing confidential and proprietary business information and other commercially sensitive information, as to which a producing party may have a protected proprietary and property interest in those materials, or confidential personal information relating to individuals

B. The Court declines to enter any blanket protective leaving determinations as to what matters may be protected from dissemination or disclosure to the discretion of the parties.

C. The Court has, however determined that specific materials in the following narrowly defined categories are entitled to certain protections as defined in this Order. The categories entitled to protection are as follows:

1. Nonpublic confidential and proprietary information disclosing specific tire design specifications;

2. Nonpublic confidential and proprietary information disclosing particularized tire manufacturing equipment, procedures, or protocols;

3. Nonpublic confidential sales agreements with purchasers that reveal proprietary purchase terms or pricing;

4. Nonpublic confidential sales and customer data reflecting proprietary price, purchase or sales volume information;

5. Nonpublic and confidential warranty claim, adjustment, and production data;

6. Nonpublic and confidential proprietary testing and analysis protocols or procedures; and

7. Private personal data, including Social Security information, medical and psychological treatment information.

D. If materials fall within a specific category identified in Paragraph C, above, the producing party may designate as "CONFIDENTIAL" the portion of any produced material it considers subject to that designation in accordance with Section I.E, below. Such "CONFIDENTIAL" designation shall make the designated portions of those produced materials and all copies, prints, summaries, translations, or other reproductions of such material subject to this Protective Order. This Protective Order shall also apply to the specific pages and lines from oral depositions designated as "CONFIDENTIAL" in accordance with Section I.E, below.

E. In order to designate a portion of any document or other printed material as "CONFIDENTIAL," the producing party shall mark the designated pages of the material with the word "CONFIDENTIAL" in a manner that does not cover, obscure, or impair the legibility of any information contained within the material. In order to designate a computer database, disc,

compact disc, drive, or other electronically recorded material as "CONFIDENTIAL," the producing party shall mark the case or envelope containing the material with the word "CONFIDENTIAL." Documents printed from such electronic media shall be marked the same as documents originally produced on paper. In the case of a deposition or oral examination, counsel may, during the deposition, designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," and the entire deposition transcript will be treated as "CONFIDENTIAL" until counsel for the producing party receives a transcript of the deposition and for twenty-one (21) days thereafter. In the event the producing party's counsel during the deposition does not designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," the producing party does not waive its right to designate the deposition testimony as "CONFIDENTIAL" upon receipt of the deposition transcript. After receipt of the deposition transcript, the producing party shall identify by page and line the portion of the material that the producing party intends to designate as "CONFIDENTIAL" in a written letter served to all counsel of record within twenty-one (21) days after receiving the written deposition transcript from the court reporter. Only the portions of the deposition transcript designated by the producing party during this time period shall remain "CONFIDENTIAL."

      F.    When used in this Protective Order, the term "COVERED PERSONS" includes only the following: (1) the Court and all Court personnel; (2) the named parties in this litigation; (3) retained counsel for all parties in this litigation, including members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; and (4) experts retained or consulted by counsel for any party to assist in the preparation, prosecution, or evaluation of this litigation.

## II.

Absent a further order of the Court, those documents marked as "CONFIDENTIAL MATERIAL," as described in Sections I.C and I.D, shall not be used for any purpose other than

the prosecution or defense of this captioned action or other litigation as described in Section I.F, and shall not be shown, disseminated or disclosed in any manner to anyone other than COVERED PERSONS without the prior written agreement of the producing party or order of the Court after due notice to the producing party.

### III.

Before showing or divulging any "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" information to any expert or consultant, as identified in Section I.F.(4), counsel for the receiving party shall first obtain from each such person a signed "WRITTEN ASSURANCE" in the form attached hereto as Exhibit "A." Counsel shall maintain a list of all such recipients of "CONFIDENTIAL MATERIAL" to whom this paragraph applies and the original of every "WRITTEN ASSURANCE" required pursuant to this paragraph. At the conclusion of the litigation, the parties shall forward to counsel for the producing party each and every signed "WRITTEN ASSURANCE" and a list of all recipients of "CONFIDENTIAL MATERIALS"; however, with regard to consultant(s) not identified as expert(s) in this matter, counsel need only provide a copy of the "WRITTEN ASSURANCE" redacted to remove any reference to the identity of the consultant(s).

### IV.

A. If any "CONFIDENTIAL MATERIAL" is filed with this Court, including any pleading incorporating "CONFIDENTIAL MATERIAL," the portion of such filing containing "CONFIDENTIAL MATERIAL" shall be filed in a sealed envelope with a legend clearly identifying the contents as being subject to this Protective Order and that such materials are not to be displayed or revealed except pursuant to order or direction of the Court.

B. "CONFIDENTIAL MATERIAL" may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing or trial when counsel for the producing party is present, and subject to the producing party's right to seek in-camera treatment

of such documents. Further, the Court may take such steps as it deems in its discretion to be reasonably necessary to preserve the confidentiality of the documents or information.

  C. All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose "CONFIDENTIAL MATERIAL" shall be under seal and such documents shall not be publicly available, except by further order of this Court.

  D. If any party or person who has obtained "CONFIDENTIAL MATERIAL" under the terms of this Protective Order receives a subpoena or other legal process commanding the production of any such "CONFIDENTIAL MATERIAL" (the "Subpoena"), such party or person shall promptly notify counsel for the producing party of the service of the Subpoena. The party or person receiving the Subpoena shall not produce any "CONFIDENTIAL MATERIAL" in response to the Subpoena without either the prior written consent of counsel for the producing party, or an order of a court of competent jurisdiction.

V.

Within ninety (90) days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall deliver to counsel for the producing party all "CONFIDENTIAL MATERIAL" including any copies (except those determined by the Court or agreed by the parties not to be "CONFIDENTIAL") which have been disseminated to any "COVERED PERSONS," except that the parties and their counsel may retain pleadings, memoranda, declarations, affidavits, non-"CONFIDENTIAL" portions of deposition transcripts, notes, summaries, expert reports, trial and hearing transcripts, or other attorney work product which refers to or describes "CONFIDENTIAL MATERIAL." Deposition transcripts need not be returned if all "CONFIDENTIAL" portions have been destroyed or obliterated.

**VI.**

In the event counsel for any party, in good faith, disputes the designation of any document as "CONFIDENTIAL," he or she shall notify counsel for the producing party in writing. The producing party bears the responsibility to seasonably apply to the Court for a determination that the document is or is not protected pursuant to this Protective Order. Until a final determination by the Court, any disputed document will be treated as "CONFIDENTIAL MATERIAL" pursuant to this Protective Order. Nothing in this Protective Order shall be construed to alter or shift the burdens of proof and persuasion as they apply to the assertion of privileges or exemptions from public disclosure.

**VII.**

This Agreed Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence. Nothing contained in this Protective Order shall in any manner change, alter or modify any of the rights of the producing party or any other party under any other orders issued by any other courts concerning the protection of "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" information. Nothing in this Protective Order shall limit the rights of parties to apply for further protective orders or for modification of the terms of this Protective Order.

**IT IS SO ORDERED.**

DATED: May 30, 2012

**DONALD G. WILKERSON**
**United States Magistrate Judge**

**EXHIBIT "A"**

**LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR
ACCESS TO CONFIDENTIAL DOCUMENTS**

   I hereby acknowledge and affirm that I have read the terms and conditions of the Agreed Protective Order agreed to by the parties in the above-captioned action dated _____. I understand the terms of said Agreed Protective Order and under oath consent to be bound by the terms of said Agreed Protective Order as a condition to being provided access to the Confidential Documents furnished by the parties in this action. Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or any Court of competent jurisdiction for the special and limited purpose of enforcing the terms of the Agreed Protective Order.

   I recognize that all civil remedies for breach of this Agreement are specifically reserved by the producing parties in this action and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Agreement, I recognize that any producing party may pursue all civil remedies available to it as a third-party beneficiary of this Agreement.

DATED:_____        _____
                                                                    Name

                                                                    _____
                                                                    Firm

                                                                    _____
                                                                    Address

                                                                    _____
                                                                    Telephone Number

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ day of _____ _____.

_____
Notary Public, State of _____

_____
My Commission Expires: