IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT T. GARRARD, and | ) |
| WILLIAM S. JASPER | ) |
| Plaintiffs, | ) No. 3:11-cv-00824 - GPM - DGW |
| vs. | ) |
| PIRELLI TIRE LLC, a foreign limited liability company, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The matter before the Court is Defendant Pirelli Deutschland GMBH's ("Pirelli DG") motion to dismiss for lack of personal jurisdiction (Doc. 61). Yamaha Motor Corporation, U.S.A. ("Yamaha"), Pirelli DG's Co-Defendant, filed a brief in opposition the motion to dismiss (Doc. 99). Plaintiffs Robert Garrard and Wiliam Jasper also filed a brief opposing Pirelli DG's motion to dismiss (Doc. 102). On June 18, 2012, the Court entertained oral arguments on the motion to dismiss. Pirelli DG's motion to dismiss (Doc. 61) is **DENIED**.

## FACTS

This is a products liability action that stems from a motorcycle crash on September 16, 2009, on the Illinois River Road in Calhoun County, Illinois (*See* Doc. 25). Mr. Jasper was riding a 2009 Yamaha VX1900CU Raider motorcycle (*Id*). The product at issue in this case is the rear tire that was on Mr. Jasper's motorcycle; a Metzeler Marathon ME880 tire (*Id.*).

The Metzeler tire was manufactured by Pirelli DG at its plant in Germany (*See* Doc. 102, Ex. 3).  Yamaha Motor Co. Ltd., purchased the tire and then installed the tire on the motorcycle at its location in Japan (Doc. 61, Ex. 3-4).  The motorcycle was then shipped to the United States and sold to Mr. Jasper (*Id.*).

Pirelli DG participates in a sophisticated global distribution system that allows its tires to be sold all over the globe. (*Id.*).  The sole distributor in the United States of Pirelli DG's Metzeler brand tire is Parts Unlimited LLC (*Id.*).  The Metzeler tires are sold in countless states including the State of Illinois (*Id.*). Pirelli DG knew of this global distribution network and that the Metzeler would be sold on the American market (See Doc. 102, Ex. 3).

## ANALYSIS

The Court has reviewed the papers and considered the oral arguments of counsel.  The Court concludes that Pirelli DG is subject to specific jurisdiction in Illinois for this matter.  Having drawn this conclusion, the Court finds it unnecessary to decide whether Pirelli DG is subject to general personal jurisdiction in Illinois.

"A federal district court in a diversity case has personal jurisdiction over a non-consenting, nonresident defendant if and only if a court of the state in which the district court is sitting would have jurisdiction . . . ." *Giotis v. Apollo of the Ozarks Inc.*, 800 F.2d 660, 664 (7th Cir. 1986).  In this case, Plaintiffs filed an original action in federal court pursuant to 28 U.S.C. § 1332 (Doc. 25), and the Court is satisfied that diversity jurisdiction does exist. Pirelli DG is a non-consenting and non-resident defendant.  Accordingly, the Court must begin its analysis with the Illinois Code of Civil Procedure.

A defendant will be subject to Illinois jurisdiction for a cause of action arising from "[t]he commission of a tortious act within the state." 735 ILCS 5/2-209(a)(2). The long-arm statute also allows the Court "exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). This catch all sub-section authorizes personal jurisdiction to the constitutional limits.

In Illinois, the state in which the injury occurred is the state in which the tort occurred. *See Janmark, Inc., v. Reidy*, 132 F.3d 1200 (7th Cir. 1997) ("[T]he state in which the injury (and therefore the tort) occurs may require the wrongdoer to answer for its deeds even if events were put in train outside its borders.") Here, Plaintiff alleges the injury, and thus the tort, occurred on the Illinois River Road in Calhoun County, Illinois (*See* Doc. 25). The party "asserting jurisdiction is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). The Illinois long-arm statute clearly contemplated the situation presented by this case. Pirelli DG is therefore subject to jurisdiction under Illinois law.

The next step in the analysis is to determine if the exercise of jurisdiction over Pirelli DG offends the Due Process Clause of the Fourteenth Amendment. A defendant must have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int' Shoe Co. v. Washington* 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339 (1940)). The Court's exercise of specific jurisdiction will be proper "in a suit arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales De Colom. v. Hall*, 466 U.S. 408, 414, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984).

In a products liability case, such as this, the minimum contacts analysis can be satisfied by examining the stream of commerce theory. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 62 L. Ed. 2 490,502 100 S. Ct. 559, 567  (1980).   The stream of commerce theory "refers to the movement of goods from manufacturers through distributors to consumers . . . ."  *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788, 180 L. Ed. 2d 765, 775 (2011).  A defendant will have the requisite minimum contacts with the forum State when the defendant "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."  *World-Wide Volkswagen Corp.*, 444 U.S. at 298.

Here, Pirelli DG placed the Metzeler tire into the stream of commerce through a sophisticated global distribution system.  It is clear Pirelli DG expects its Metzeler tires to be purchased in the American market.  Accordingly, Pirelli DG must expect its Metzeler tires will purchased in Illinois, one of the five largest states in the Nation. http://www2.illinois.gov/census/Pages/default.aspx (last visited June 19, 2012).

The Court finds that the exercise of jurisdiction over Pirelli DG does not offend the Due Process Clause of the Fourteenth Amendment.  The Illinois "due process guarantee is not necessarily co-extensive with federal due process".  *RAR, Inc., v. Turner Diesel*, 107 F. 3d 1272, 1276 (7th Cir. 1997)  However, the Court finds the exercise of jurisdiction over Pirelli DG is consistent with Illinois due process.  *See Rollins v. Ellwood*, 141 Ill. 2d 244, 274 (1980) ("Jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois.")

## CONCLUSION

The Court has specific personal jurisdiction over Pirelli DG in this matter. Having found specific jurisdiction, the Court declines to address whether the Court has general personal jurisdiction over Pirelli DG. Pirelli DG's motion to dismiss (Doc. 61) is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 20, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge