IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT T. GARRARD, and | ) | |
| | ) | |
| WILLIAM S. JASPER, | ) | No. 11-cv-824-GPM-DGW |
| | ) | |
| Plaintiffs, | ) | CRJA Track B |
| | ) | |
| v. | ) | Judge G. Patrick Murphy |
| | ) | |
| PIRELLI TIRE LLC, et al., | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION IN LIMINE**

COME NOW, Plaintiffs, by and through their undersigned counsel and for their Response to Defendant's Motion in Limine, states as follows:

**A. Sheriff Heffington's Opinion Testimony**

Plaintiffs' have no objection.

**B. Statements in Police Reports are Admissible**

Plaintiffs' object. Factual findings in a police report that are documented from interviewing witnesses and conducting an investigation are admissible under F.R.E. Rule 803(8) exception to hearsay. Rule 803(8) states:

> **(8) Public Records.** A record or statement of a public office if:
>     **(A)** it sets out:
>     **(i)** the office's activities;
>     **(ii)** a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>     **(iii)** in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

> **(B)** neither the source of information nor other circumstances
> indicate a lack of trustworthiness

Fed. R. Evid. 803

Here, obviously, Sheriff Heffington was in the position of public officer at the time the report was created and was under a legal duty to record and report the facts and circumstances surrounding the accident. Also, the record here is being sought to be introduced in a civil case. The police report is therefore admissible under at least two of the criteria under which Ruel 803(8) allows.

Information known or observable by police officials themselves-- statistical information regarding initiation and conclusion of investigation, fact that certain interviews took place, and fact that local prosecutor elected not to press charges--was admissible hearsay under public records exception. *Miller v. Field*, 35 F.3d 1088(6th Cir. 1994). In fact, The U.S. the Supreme Court has held that portions of investigatory reports containing opinions and conclusions are admissible under Rule 803(8)(C) so long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement. *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 170, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). If a public officer's finding meets the Rule's threshold requirement that it be a factual finding resulting from an investigation made pursuant to authority granted by law, the burden is on the party opposing admission to show that the finding lacks trustworthiness. *See, e.g., Miller v. Field,* 35 F.3d 1088, 1090 (6th Cir.1994). Here, there is no reason to dispute the trustworthiness of the factual findings contained within the report. As such, it should be admitted.

### C. Statements Within Medical Records are Clearly Admissible

Plaintiffs' object. Defendant is asking the Court for a Motion in Limine regarding improper testimony of Dr. Adrian Davis and hearsay statements in the medical records dictated by Dr. Davis and other treating physicians. Such statements are clearly admissible in this case. Rule 803(4) of the Federal Rules of Civil Procedure provides an exception to the hearsay rule, that makes Dr. Adrian Davis' hearsay statements in the medical records and deposition testimony admissible.

**Rule 803(4)** states,

> **(4)** Statement Made for Medical Diagnosis or Treatment. A statement that:
> **(A)** is made for — and is reasonably pertinent to — medical diagnosis or treatment; and
> **(B)** describes medical history; past or present symptoms or sensations; their inception; or their general cause.
> Rule 803(4) Federal Rules of Evidence.

The statements made in the consult report prepared by Doctor Adrian Davis and used by Dr. Howard Place, both orthopedic surgeons at St. Louis University Hospital were a part of the findings section of Dr. Adrian Davis and Dr. Howard Place's consultation report to determine the mechanism of injury in order to properly diagnose and treat Plaintiff William Jasper. (See St. Louis University Orthopedic Consultation Report). The same exception applies to the treating physicians of Robert Garrard and the medical records generated by them.

The statements in the consultation report were also a part of Plaintiff Jasper's history of present illness which was also used to diagnose and treat Plaintiff by the

orthopedic staff of St. Louis University. (See St. Louis University Orthopedic Consultation Report and Deposition of Adrian Davis, Exhibit A, Pg 8, Line 9-15). This was also information reviewed by Defendant's expert, Michael Ditallo, in analyzing the case and arriving at their expert opinions. (See Michael Ditallo Report).

Despite the fact that Defendant Pirelli does not believe the statement was made for the purpose of treatment, that position is belied by Dr. Davis' testimony altogether. Dr. Davis testified in his deposition that the purpose of asking for the background and history of present illness is to better aid him in his treatment of a patient, not to figure out how the accident actually happened. (See Exhibit A, Pg 11, line 8-21).

The cases cited by the Defendant Pirelli are distinguishable from the present case in that the medical provider that took the statement was a trained medical doctor who explicitly stated that he took the statement for the purpose of treating Plaintiff Jasper. This is also true for Plaintiff Garrard's treating physicians. Further, Defendant states that the medical records are unreliable due to the fact that there are other facts in the record inconsistent with witness testimony. This history of present illness can be found and relied on by Arch Air Medical (See Arch Air Medical Records Hsitory of Present Illness). Further, any such inconsistency, if it exists, goes to the weight it is to be afforded by the fact finder, not its admissibility. Lastly, Dr. Daniel Riew testified on January 23, 2013, by video-taped deposition and, consistent with the findings of Dr. Davis, testified that Plaintiff Jasper gave him the same history of present illness when he spoke to Plaintiff. Clearly, such evidence is admissible under F.R.E. Rule 803(4) and, in the interests of justice, should be allowed to be presented to the jury.

Plaintiff Garrard also believes that the medical records of Plaintiff Jasper may be admissible for the purpose of impeaching Mr. Jasper.

### D. References to Recalls of Dissimilar Tires

Plaintiffs have no objection.  However, there are circumstances that Plaintiffs believe would warrant it being admissible if the Defendant opens the door on this particular issue.  Plaintiffs' agree to approach the bench outside the presence of the jury if Plaintiffs believe the Defendant places this in issue.

### E. Plaintiff's Damage Witnesses Should be Allowed to Testify

Plaintiffs' object.  The Court has considerable discretion over the admission of witnesses and evidence.  The witnesses who Plaintiff Garrard seeks to admit will provide valuable testimony to the jury regarding the before and after affects of the injuries he sustained. His boss, Scott Bourne was such person and was so disclosed, albeit, technically past the deadline.  The other witnesses discussed by Defendant and identified by Plaintiff will likely provide similar testimony.  As to the prejudice of defendant, if there remains sufficient time to do so, Plaintiff would be more than willing to schedule the depositions of these witnesses.  Likewise, Defendant could have done the same since they were disclosed in November. They should be allowed to testify.

### F. Reference to Discovery Disputes

Plaintiffs have no objection.

### G. Insurance Issues

Plaintiffs have no objection.

### H. Moral or Ethical Obligations in Design and Manufacture

Plaintiffs have no objection.

**I. Demands as to Documents, Stipulations of Fact or Agreements**

Plaintiffs have no objection.

**J. References to Company Structure, Size or Finances**

Plaintiffs have no objection provided the Defendant does not open the door on this issue. Plaintiffs agree to approach the bench if they believe Defendant has placed this in issue.

**K. That the Jury Should Punish or Send a Message to Defendant**

Plaintiffs have no objection.

**L. Exclusion of Fact Witnesses from Courtroom during Trial**

Plaintiffs have no objection.

Dated:  January 23, 2013

                              Respectfully Submitted,

                              SL Chapman LLC


                       By:  /s/ Bradley M. Lakin
                              Bradley M. Lakin, #6243318
                              Robert W. Schmeider, #6242860
                              330 North Fourth Street
                              Suite 330
                              St. Louis, Missouri 63102
                              (314) 588-9300
                              (314) 588-9302 (fax)
                              bradl@slchapman.com
                              robs@slchapman.com

                              Attorneys for Plaintiff Robert T. Garrard

                              WILLMANNGREGORY, LC
                              Benjamin Willmann
                              7733 Forsyth Blvd.
                              Suite 1100
                              Clayton, MO 63105
                              bwillmann@willmanngregory.com

                              Attorneys for Plaintiff William Jasper

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 23, 2013, the foregoing instrument was filed with the Court via the CM/ECF system, thereby automatically providing notice of said filing to the following interested parties:

| HOLLAND & KNIGHT LLP<br><br>Colin Smith<br>Anna Z. Krasinski<br>131 S. Dearborn St., 30th Flr.<br>Chicago, IL 60603<br>(312) 263-3600<br>(312) 578-6666 (Fax)<br>colin.smith@hklaw.com<br>anna.krasinski@hklaw.com<br><br>Attorneys for Defendants Pirelli North America, Inc. and Pirelli Tire LLC | KAUFMAN DOLOWICH VOLUCK & GONZO LLP<br><br>Peter Q. Ezzell,<br>11755 Wilshire Blvd.,<br>Suite 2400<br>Los Angeles, CA 90025<br>(310) 709-2125<br>(310) 575-9720 (fax)<br>ezzellp@gmail.com<br><br>Attorneys for Defendants Pirelli North America, Inc. and Pirelli Tire LLC |
|---|---|

               */s/ Bradley M. Lakin*