IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT T. GARRARD, and WILLIAM JASPER, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL NO. 11-824-GPM |
| vs. | ) ) |
| PIRELLI TIRE LLC, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

    This matter came before the Court for a final pre-trial conference and all pending motions hearing. The hearings were spread out over several days. After much hard work by everyone, this case is now ready for trial. The Court ruled on the record and articulated its reasoning for all issues raised by the motions. The ensuing is an attempt to highlight some aspects the Court believes bear reiteration and ensures everyone is on the same page now on the eve of trial.

    Plaintiffs and Defendant have taken great length to clean up the docket and stream-line this case. After all the Rule 41 dismissals, the only claims that remain are as follows: (1) Plaintiff Robert Garrard's strict liability claim against Pirelli Deutschland GMBH d/b/a Pirelli Reifenwerke; and (2) Plaintiff William Jasper's strict liability claim against Pirelli Deutschland GMBH d/b/a Pirelli Reifenwerke ("Pirelli").

    The first matter the Court took up was Plaintiffs' Rule 26(a)(3) pre-trial disclosures (Doc. 142) and Pirelli's objections to Plaintiffs' disclosures (Doc. 148). Plaintiffs disclosed several

witnesses *expected* to present evidence at trial, which Pirelli objected to as untimely (*See* Doc. 148).  The alleged untimely witnesses are as follows: Scott Bourne, Mark Pursley, Sean George, and Terry Amrein (Doc. 148, p. 1-2).  Additionally, Plaintiffs disclosed Brian Elbert as a witness who *may* present evidence at trial, which Pirelli objected to as untimely (Doc. 148, p. 3). Plaintiffs withdrew Scott Bourne, Mark Pursley, Terry Amrein, and Brian Elbert as witnesses. The Court entertained argument on Pirelli's objection to Sean George.  Pirelli's objection to Sean George was **GRANTED**.

Pirelli also objected to Plaintiffs' witness Sheriff William Heffington.  The parties reached an agreement on Sheriff Heffington.  However, the Court was clear to articulate and, even today to reiterate, what Sheriff Heffington can and cannot say from the witness stand.

Dr. Adrian Davis and Sheriff Heffington were listed as witnesses Plaintiffs intend to present by deposition (*See* Doc. 142).  Pirelli lodged objections to each of these depositions because the depositions were from the initial state court action, *Jasper v. Garrard*, Circuit Court of Calhoun County, Case No. 2010-L-4 (*See* Doc, 148).  Pirelli was not a party to the state court action.  The Court **SUSTAINED** Pirelli's objections.

Plaintiffs identified several photographs as exhibits Plaintiffs expected to offer into evidence (Doc. 142). The images included photos of the scene, of the motorcycles, and of the Plaintiffs themselves after the incident (Doc. 142).  Pirelli lodged objections to the photos (Doc. 148), which the Court **OVERRULED**.

The Illinois State Police Traffic Crash Report is also an item Plaintiffs expect to offer as evidence (Doc. 142).  Pirelli filed an objection to this disclosure citing multiple hearsay rules (Doc. 148).  For the reasons stated on the record, Pirelli's objection was **GRANTED IN PART**

**and DENIED IN PART**.

Plaintiffs identified medical records, bills, and ambulance reports as expected or possible evidence (*See* Doc. 142). Initially, the Court reserved ruling on all issues and objections relating to the medical. The parties worked diligently and have submitted stipulations for both Plaintiffs' medical bills. The Court found all the objections related to the medical **MOOT.** If an issue resurfaces during trial, the Court will pass on it then.

Both parties' pre-trial disclosures contain items that *may* be offered as evidence at trial. In an attempt to avoid an exercise in futility, the Court did not articulate rulings on these issues. Here again, the Court will address objections on these matters if and when they arise during trial.

Next, the Court took up Pirelli's motion in *limine* (Doc. 155) and Plaintiffs' response to the motion (Doc. 161). Plaintiffs offered no objection to many things Pirelli sought to exclude from trial (*See* Doc. 161 *compared with* Doc. 155). The Court believes some issues are noteworthy.

Pirelli sought to exclude any reference from Dr. Adrian Davis "or from any other medical records as to the underlying cause of the motorcycle accident or attributing fault of the accident to tire failure[.]" (Doc. 156, p. 7). In analyzing this issue, the Court was mindful of the Seventh Circuit's Opinion in *United States v. Pollard*, 790 F. 2d 1309 (7th Cir. 1986) and *Cook v. Hoppin*, 783 F.2d 684 (7th Cir. 1986) along with Federal Rule of Evidence 803(4). The Court **GRANTED** Pirelli's motion on this issue. The Court noted if Plaintiffs want to submit some of Dr. Davis' medical records, the records could be redacted to conform to the Court's ruling. *See Pollard*, 790 F.3d at 1313 ("a district court can redact the statement so as to render it admissible, rather than let an inadmissible portion of the statement taint the whole and refuse to admit the

entire statement.").

Pirelli also moved in *limine* to exclude all fact witnesses, except the parties and corporate representatives, from the courtroom throughout the course of this trial (Doc. 156; *see also* FED. R. EVID. 615). The Court **GRANTED** Pirelli's motion on this issue (Doc. 156). The Court cautioned everyone that each party is responsible for policing this Order because the Court simply has no idea who the witnesses are in this case.

The Court then delved into Pirelli's Rule 26 disclosures (Doc. 141) and Plaintiffs' amended objections (Doc. 165). The parties reached an agreement on the following witnesses expected to testify at trial: Jeffrey Walde, Edward Sebak, and Thomas Carter. The Court did not address the merits of Plaintiffs' objections to these witnesses.

Plaintiffs objected to the deposition testimony of Larry Henson and William Jasper, which was given in the state court action of *Jasper v. Garrard* (Doc. 141). Pirelli stated that it has issued trial subpoenas to Mr. Henson and expects Mr. Henson to testify live. It appeared to the Court the issue was **MOOT**. The Court will pass on Plaintiffs' objection if the issue comes up during trial.

With regard to the content of Mr. Henson and Mr. Jasper's deposition testimony (*See* Doc. 165, p. 4-5), the Court ruled there will be no testimony about the consumption of alcohol. Moreover, any mention of the infamous Fast Eddie's Bon Air is also prohibited. Pirelli *can* mention the bandana or "kerchief" that Mr. Garrard purchased shortly before incident. However, any reference to the kerchief *may* compel the Court to give the jury a limiting instruction that the State of Illinois does not require motorcyclists to wear a helmet and such a consideration should play no role in deliberations. If the parties abide by their agreement set forth in Court today,

February 4, 2013, then a limiting instruction *may not* be necessary.  The Court took great length to set forth its reasoning on this matter on the record.

Plaintiffs filed a motion to exclude Mr. Michael DiTallo's testimony pursuant to *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (*See* Doc. 154). The issue of expert testimony begins with Federal Rule of Evidence 702.  However, the analytical framework of Rule 702 in conjunction with *Daubert* has been artfully stated in *Cummins v. Lyle Industries*, 93 F.3d 362(7th Cir. 1996).  The Seventh Circuit, in interpreting *Daubert,* has "endorsed a two-step analysis for the district courts to use in evaluating expert testimony . . . ." *Id*. at 367.  The Court is mindful of its role as a "*gatekeeper*" with respect to expert testimony concerning scientific, technical, or other specialized knowledge.  Plaintiffs' motion to exclude (Doc. 154) was **GRANTED IN PART and DENIED IN PART**.  Mr. DiTallo may state his conclusions on testing he has performed and which is capable of being repeated. However, Mr. DiTallo may not simply regurgitate what he has read in a pamphlet.

Finally, the Court directed its attention to Plaintiffs' omnibus motion in *limine* (Doc. 151).  Plaintiffs' motion contained 15 issues they sought to exclude from trial (*See* Doc. 151). The Court finds it unnecessary to address every issue here, but certainly some matters are noteworthy.  First, Plaintiffs' wanted to exclude Pirelli from introducing evidence of a lack of prior incidents regarding the subject tire (Docs. 151 and 152).  The Court **GRANTED** Plaintiffs' motion on this issue.

Plaintiffs also sought to exclude any reference of missing evidence (Docs. 151 and 153). Here, the missing evidence is the frames of Plaintiffs' motorcycles, which have been destroyed. The Court **GRANTED** Plaintiffs' motion on this issue.  At an informal and formal jury

instruction conference on January 30, 2013, the Court also ruled, over Pirelli's objection, that it will not give a jury instruction that addresses missing evidence.

It is well established that any money Plaintiffs recover will not be subject to federal income taxes. *See In re Air Crash Disaster Near Chicago, Ill on May 15, 1979*, 803 F.2d 304 (7th Cir. 1986); *Adams v. Johnson & Johnson*, No. 07-497-GPM, 2009 WL 8652948 (S.D. Ill. 2009). Plaintiffs wanted to exclude any mention during trial that a financial recovery will not be taxed. Plaintiffs' motion on this issue was **DENIED**. Moreover, the Court intends to give the jury an instruction on this point of law.

Finally, the Court turned its attention to the underlying state court action, *Jasper v. Garrard,* which was initially filed in the Circuit Court of Calhoun County. For the reasons stated on the record, Plaintiffs' motion as to this issue was **GRANTED IN PART and DENIED IN PART.** Any mention of this lawsuit will be couched as a "prior proceeding."

A significant amount of hard work has been done on the front end in an attempt to limit distractions and sidebars during trial. The Court is mindful though that unanticipated events will occur and the Court will pass on these issues when presented.

**IT IS SO ORDERED.**

**DATED**: February 4, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge